**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00162-CR**
_____

**ALLEN JOE FREGIA SR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 24DC-CR-00459**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Allen Joe Fregia Sr. ("Appellant" or "Fregia") for possession of a controlled substance, namely methamphetamine, in an amount of one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.115(c). The indictment included an enhancement paragraph and a habitual-offender paragraph. *See* Tex. Penal Code Ann. § 12.42. Fregia pleaded "not guilty" to the charge and trial was set for a later date.

Fregia appeared with his attorney for the first day of trial, pretrial motions were heard, the jury was selected, and the trial was scheduled to reconvene on the next day. Fregia's attorney appeared on the next day, but Fregia did not appear. The trial court found he was "voluntarily absent" from trial, and the trial continued without the presence of Fregia. After the State and the Defense put on their evidence and presented closing arguments, the case was submitted to the jury. The jury found Fregia guilty as charged in the indictment. Fregia voluntarily did not appear for the punishment hearing, and the trial court entered a plea of "not true" to the enhancement and habitual offender paragraphs. After a hearing on punishment, the trial court found the enhancement and habitual-offender allegations "true." Fregia appeared for sentencing, and the trial court sentenced Fregia to eighty-five years of confinement. Fregia timely appealed.

On appeal, Appellant's court-ordered appellate attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Fregia to file a pro se brief, and we received no response from Fregia.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*,

488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief in this case, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on November 19, 2025
Opinion Delivered December 3, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] Fregia may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.